In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1812

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

CHRISTOPHER R. BERRY,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05 CR 169—**Barbara B. Crabb**, *Chief Judge.*

ARGUED SEPTEMBER 22, 2009—DECIDED OCTOBER 22, 2009

Before EASTERBROOK, *Chief Judge,* and BAUER and
ROVNER, *Circuit Judges*.

BAUER, *Circuit Judge.* Christopher Berry was arrested
for violating the terms of his supervised release
following his conviction and imprisonment for possessing
counterfeit cashier's checks. The district court sentenced
him to 14 additional months in prison, to be followed by
36 months of supervised release. In his appeal, Berry
argues that the district court based its sentencing
decision on erroneous fact finding. Specifically, Berry

points to two statements made by the district judge as evidence that the sentence imposed was based on the mistaken determination that Berry had committed forgery, counterfeiting, and had stolen a check while on release. But the statements were not part of the district court's factual findings, and did not form the basis for Berry's sentence; we affirm.

## I.  BACKGROUND

On March 7, 2006, Berry pleaded guilty to possessing counterfeit cashier's checks in violation of 18 U.S.C. § 513(a). At the end of his prison term, he began a 36-month term of supervised release. Under the terms of the release, Berry could not open any checking account without his probation officer's approval. He was also prohibited from associating without permission with anyone convicted of a felony.

Between late October and early December 2008, Berry opened three bank accounts in violation of the terms of his supervised release. In addition, Berry violated the terms of his release by associating with a felon.

After a warrant issued for Berry's arrest, the district court held a hearing on March 23, 2009, to determine whether to revoke the supervised release. Berry stipulated to opening the bank accounts and associating with a felon and agreed that his conduct amounted to Class C violations. Based on Berry's criminal history category of VI and the Class C violations, both the probation officer and the government recommended revocation

and imprisonment within the Guidelines range of 8 to 14 months. The judge then made the following factual findings on the record with respect to Berry's post-release conduct: that he violated the conditions of his release by opening a joint checking account with his wife on October 29, and individual accounts on November 3, and December 8; that he further violated the terms of his release on January 21, 2009, by associating with a convicted felon; and that these incidents constituted violations of his supervised release.

After making these findings, the district court gave Berry the opportunity to speak on his own behalf. Both Berry and his attorney raised the fact that he had paid back some of the money overdrawn from his accounts. Both requested leniency from the court. During the exchange, the district judge explained her view of Berry's overall conduct, both pre- and post-conviction:

> I would like to think that you had a chance to change your behavior, but when I look at the behavior before you were convicted . . . [and] that you resumed immediately after being released from prison, I see nothing but the same pattern over and over again. [Your attorney] has said well, Mr. Berry has paid back most of the money that he obtained with the $4,000 check that was not his to deposit. . . . But what I see is a continued pattern of your getting women to marry you . . . and [using] their money to buy anything you want to; use any kind of forged counterfeit instrument . . . and I don't see any way to keep you out of trouble other than putting you in custody.

R. at 6-7. Later in the discussion the judge said, "I think your violations warrant revocation," and sentenced Berry to 14 months in prison, to be followed by 36 months of supervised release. R. at 8.

The district court also issued a written order on the day of the hearing. *United States v. Berry*, No. 05-CR-169-S-01, 2009 WL 799663 (W. D. Wis. Mar. 23, 2009). The factual findings in the written order are identical to those the judge made at the hearing, referencing only Berry's Class C violations. The order does not mention forgery, counterfeiting or theft.

In appealing the district court's sentencing decision, Berry essentially makes three arguments. First, he contends that the judge's use of the terms "forged counterfeit instrument" and, "$4,000 check that was not his to deposit," were factual findings. Berry further claims that these findings are erroneous because they amount to determinations of guilt and are not supported by evidence. Finally, Berry argues that the district court improperly based its sentencing decision on these findings.

## II. DISCUSSION

This court reviews a district court's factual findings at sentencing for clear error. *United States v. Arnaout*, 431 F.3d 994, 998 (7th Cir. 2005). However, "not every fact-based statement a judge makes at sentencing is a 'factual finding.'" *United States v. Orozco-Vasquez*, 469 F.3d 1101, 1107 (7th Cir. 2006). By making clear factual findings, on the record and separated from other fact-

based statements made at a hearing, district courts ensure that the basis for sentencing decisions are clear both to parties and appellate courts.

We also note that the Sentencing Guidelines are not mandatory in the context of revocation proceedings, but as policy statements, they are entitled to great weight. *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007); *United States v. Pitre*, 504 F.3d 657, 664 (7th Cir. 2007) (internal citations omitted). But because the Guidelines give courts "more than the usual flexibility" in this context, this court will not disturb a sentence imposed following revocation unless it is plainly unreasonable. *Kizeart*, 505 F.3d at 675.

Berry's challenge to the court's factual findings is misplaced because the statements in question were not factual findings. By the time the exchange between Berry and the judge took place, the judge had already placed her factual findings on the record. These findings mention only the Class C violations to which Berry had stipulated. If the judge thought that Berry's violations constituted forgery, counterfeiting, and fraud as he claims, she made no mention of this in her factual findings. The district court's written order, issued the same day as the hearing, contains explicit factual findings that track those made during the hearing. The order makes no mention of forgery, counterfeiting, and theft; the district court used these terms only as part of her discussion with Berry, and not as part of her factual findings.

The 14-month prison term imposed is within the Guidelines range for the Class C violations to which Berry

stipulated. As criminal conduct punishable by a term in prison over one year, forgery and counterfeiting are actually Class B violations. *See* 18 U.S.C. § 513 (2008); U.S.S.G. § 7B1.1(a)(2). However, when imposing its sentence, the court referenced only the Class C violations to which Berry stipulated. Under § 7B1.4(a) of the Guidelines, a 14-month sentence is within the appropriate range for Berry's violations.

### III. CONCLUSION

Because the district court's factual findings were not clearly erroneous, and because the sentence imposed is not plainly unreasonable, we AFFIRM.