NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued March 3, 2010
Decided March 18, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-3185

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-Cr-188 |
| ALLEN CHARLES HELTON, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Allen Helton pleaded guilty to conspiring to transport stolen motor vehicles in interstate commerce. The advisory guidelines range, which is not challenged on appeal (Helton, however, did argue for a lower range in the district court), called for a sentence of 30 to 37 months. The district court, relying primarily on Helton's atrocious criminal record, moved beyond the top of the advisory range and imposed the statutory maximum sentence of 60 months. On appeal Helton argues that the sentence was unreasonable and that the court failed to explain why it was imposed.

The defendant and his brothers, Danny and Albert Helton, were charged with conspiring together and with unnamed others to transport stolen vehicles from Wisconsin to Illinois. The single conspiracy count alleges among other overt acts that the defendant and Danny stole two all-terrain vehicles ("ATVs") from a Wisconsin retailer in September 2007 and sold them in

Illinois.  In October 2007, the indictment continues, the defendant and Danny stole three more ATVs and took them to Illinois, where they were sold.  The indictment does not mention the defendant in connection with the remaining vehicle thefts:  Danny and Albert are accused of stealing a motorcycle in July and a sixth ATV in November 2007, both of which Danny sold in Illinois.

The written factual basis incorporated into the defendant's plea agreement states that Danny and other coconspirators stole the two ATVs in September and transported them to Illinois.  The defendant followed behind in another vehicle and, once in Illinois, sold one of those ATVs for approximately $5,500 and shared in the proceeds.  The factual basis also states that members of the conspiracy stole and sold the other four ATVs and the motorcycle, but the defendant's name is not specifically linked with those thefts.

The probation officer calculated a total offense level of 12, reflecting a base offense level of 6, *see* U.S.S.G. § 2B1.1(a)(2), a 6-level increase for the loss amount of $33,614, *see id*. § 2B1.1(b)(1)(D), a 2-level increase because the offense involved an organized scheme to steal vehicles, *see id*. § 2B1.1(b)(12)(A), and a 2-level decrease for acceptance of responsibility, *see id*. § 3E1.1(a).  Although the probation officer counted 20 criminal-history points, the parties apparently agreed that 19 was the correct figure.  Either total was well above the 13 points needed to place the defendant in criminal-history Category VI.

The defendant raised three objections to the presentence report, each of which the district court rejected.  The defendant first argued that he should be accountable only for the $16,253 loss attributed to his conduct in September, which would have decreased his offense level by 2.  The court agreed with the probation officer, however, and found that all of the vehicle thefts were part of the conspirators' "jointly undertaken criminal activity."  The defendant also disputed that he was part of an organized scheme to steal vehicles, but the court ruled that the 2-level increase applied because the defendant was accountable for the others' conduct as well as his own.  Finally, the defendant argued that he was a lesser participant in the criminal activity and deserved a downward adjustment under U.S.S.G. § 3B1.2.  But the court perceived no difference between the defendant and other participants and adopted the analysis of the probation officer, who reasoned that the defendant knew the scope and structure of the plan and the activities of others involved and was not "substantially less culpable" than the others.  The court thus accepted the probation officer's calculations, which yielded an imprisonment range of 30 to 37 months.

The government recommended a sentence of 37 months.  The prosecutor noted that the defendant had 21 convictions--ncluding 10 for theft or conversion, one for burglary, and another for receipt of stolen motor vehicles–which placed him in Category VI by a wide margin, even though 12 of those convictions were too old to count.  The government also argued that the defendant had received significant sentences for some of his prior convictions and that a lighter sentence in this case thus would be unlikely to have a deterrent effect.

The defendant made his case for a sentence significantly less than 30 months, or at least at the low end of the range. He contended that his role was not as serious as Danny's and that he benefitted little from the crime. The defendant asserted that he did not recruit people in Wisconsin to help the brothers, as Danny had, and that his primary role was to assist Danny. (The district court had already sentenced Danny to 51 months--after a credit of 9 months for state time--despite the government's recommendation of 37 months. The court had emphasized Danny's lengthy criminal history, manifested in 19 criminal-history points.) Ultimately, the defendant acknowledged that his criminal record looked bad but argued that a below-guidelines sentence was appropriate, primarily because his "actual participation" was less than that of other people involved, including his brothers.

The district court disagreed, putting a heavy emphasis on the defendant's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), and on his criminal record specifically. The defendant had been in constant contact with the law and had committed several crimes soon after his release for other offenses. The defendant's record, according to the court, established that he was a menace to society. The court explained:

> I noticed on some of these earlier things back in Tennessee--was it Tennessee? No, it was Indiana where you were shoplifting from the Wal-Marts. Then you were shoplifting from Meijer's. And the disposition there said a fine, a suspended sentence, and then with the admonition from the Judge that you don't show up at Wal-Mart anymore. You don't show up at Meijer's anymore. I mean, that Judge is smoking something when he looks at a record like that and says now don't go near that store again. Because it's my record that people who commit burglaries, people who lift ATVs, people who shoplift--if you see one of those on a person's record, they've done at least 20 of them. That they haven't been caught at. This record is just the tip of the iceberg, which reflects to me that you are a menace to society. Unless you change your ways.

The defendant's record, the district court concluded, justified a sentence above the guidelines range. In explaining that decision, the court remarked that the defendant--who was 36 at the time of sentencing--had accumulated many more criminal-history points than necessary to be in Category VI: "[The prosecutor] has pointed out that you're 150 percent above the points necessary to meet the highest criminal history on the sentencing guidelines." The court also observed that the defendant had not been employed, had drug and alcohol problems, and had "continual contacts with law enforcement, in multiple jurisdictions." The court concluded that it was necessary to do "the same thing that I did with Danny" and sentenced the defendant to 60 months.

When reviewing sentences, we first examine whether the district court committed procedural error and then consider whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Are*, 590 F.3d 499, 530 (7th Cir. 2009).

We review sentences--even those outside the guidelines range--for an abuse of discretion. *Gall*, 552 U.S. at 51; *Are*, 590 F.3d at 530.

The defendant argues that the district court erred by not adequately explaining why the statutory-maximum sentence was necessary and not providing an incremental analysis of its decision to impose a term above the guidelines range. Although incrementally linking departures from the guidelines range to the structure of the guidelines was required when the guidelines were mandatory, *see United States v. Cross*, 289 F.3d 476, 478 (7th Cir. 2002), it is not now that the guidelines are advisory. It is enough if a court uses the guidelines as a benchmark and then explains why its sentence is appropriate under 18 U.S.C. § 3553(a). *See United States v. Bartlett*, 567 F.3d 901, 909 (7th Cir. 2009).

In this case, the district court examined the nature and circumstances of the offense, *see* 18 U.S.C. § 3553(a)(1), noting the financial impact the crime had on the retailer from whom several ATVs were stolen and the personal impact on an individual victim. The court then extensively discussed the defendant's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). In the course of that discussion, the court remarked on the defendant's continual troubles with the law, noting that on several occasions he committed crimes soon after serving time for other crimes, and that he presented a high risk of recidivism. The court also criticized as too short the amount of time the defendant had spent in prison for some of his past crimes and specifically mentioned the deterrent effect that a prison term would have. *See* 18 U.S.C. § 3553(a)(2). The court's thorough application of the statutory factors provided a sufficient explanation of the sentence and a compelling justification for its decision to go above the guidelines range. *See United States v. Abbas*, 560 F.3d 660, 668 (7th Cir. 2009).

The defendant also argues that his prison sentence is unreasonable because it ignores the consideration he was due for pleading guilty, which spared the government a trial, and for accepting responsibility, which earned him a 2-level decrease in his offense level. We have declined to rule that a maximum sentence is *per se* unreasonable when a defendant has accepted responsibility. *See United States v. LePage*, 477 F.3d 485, 491-92 (7th Cir. 2007). The defendant distinguishes *LePage*, in which the statutory-maximum sentence imposed was within the guidelines range and thus presumed reasonable. But we do not presume that a sentence is unreasonable merely because it falls outside the guidelines range, and given the defendant's criminal history, the district court reasonably determined that the maximum sentence was necessary. *See United States v. Jackson*, 576 F.3d 465, 470 (7th Cir. 2009). It was not an abuse of discretion to conclude that, in spite of the defendant's acceptance of responsibility, the sentencing factors on balance warranted a term of 60 months. *Cf. LePage*, 477 F.3d at 491-92 (affirming sentence when district court believed sentence above statutory limit would have been appropriate, defendant benefitted from cooperation with authorities and from operation of statutory limit, but benefits were offset by "numerous factors that counseled a higher sentence").

Two of the defendant's other arguments stem from his contention that he played a lesser role in the conspiracy, particularly in relation to Danny. The defendant argues that the district

court erred in finding no difference in their roles, asserting that he was not implicated in every theft and that, unlike Danny, he did not recruit people in Wisconsin to assist in the scheme. Although the record does suggest that Danny was the central figure in the conspiracy, both Danny and the defendant pleaded guilty to participating in the same conspiracy, and thus both could be held liable for reasonably foreseeable crimes committed by other members in furtherance of the conspiracy. *See United States v. Colon*, 549 F.3d 565, 572 (7th Cir. 2008); *United States v. Hach*, 162 F.3d 937, 951 (7th Cir. 1998).

The defendant's related argument--that the district court violated its duty under § 3553(a)(6) to avoid unwarranted similarities in sentences for dissimilar defendants--is also unavailing. Danny and the defendant were not dissimilar. In addition to sharing accountability for the conspiracy, each had 19 criminal-history points, and the court observed at their respective sentencing hearings that they had no education, no significant employment history, and problems with drugs and alcohol. Giving 60-month sentences to both[1] of them was reasonable. *Cf. United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009) (holding that imposing different sentences on members of conspiracy who were not similarly situated was not unreasonable).

Finally, the defendant argues that the district court committed "procedural error" by erroneously finding that (1) his 19 criminal-history points were "150 percent above" the 13 needed for placement in Category VI, when in fact 19 points is only about 50 percent above the requirement; and (2) he committed 20 unpunished property crimes for each conviction.

The argument is frivolous. It is clear that the district court simply misspoke while emphasizing the government's observation that the defendant's point total was "more than 150 percent *of* the total points necessary" for Category VI. As for the second "finding," the court did not say that the defendant committed 20 other crimes for each conviction on his record. Instead, the court said that, in the court's experience, a person with one theft conviction on his record typically has committed at least 20 others thefts. Not everything a sentencing judge says can be labeled a factual finding; much of what is said "consists of observations and assessments that form the basis of the judge's consideration" of the sentencing factors in § 3553(a). *United States v. Orozco-Vasquez*, 469 F.3d 1101, 1107 (7th Cir. 2006). The court made the statement here as it expressed its view that the defendant's past sentences had been too light to deter him from crime, and that he is a menace to society. The remark reflects consideration of the defendant's characteristics, *see* § 3553(a)(1), and the need to impose a proper sentence and protect the public from him, *see* § 3553(a)(2). It is not a factual finding. *See Orozco-Vasquez*, 469 F.3d at 1107.

Accordingly, we AFFIRM the district court's judgment.

---

[1] Again, Danny got a 51-month sentence only after the court gave him a 9-month credit for some state time.