**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 24, 2010
Decided April 14, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 09-3301 & 09-3319

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeals from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | Nos. 09-CR-58 & 97-CR-205 |
| SAMUEL J. POTTS, <br> *Defendant-Appellant.* | Rudolph T. Randa, <br> *Judge.* |

**O R D E R**

Samuel Potts robbed six banks in 1997. For those crimes he was sentenced within the guidelines imprisonment range to a total of 150 months. Five weeks after his release from custody, Potts struck again. He was caught and pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), but this time he faced a lower imprisonment range of 92 to 115 months. The earlier § 2113 convictions were counted as a single sentence because those robberies were charged and adjudicated together, *see* U.S.S.G. § 4A1.2(a)(2), and several more of Potts's convictions were now too old to count for any criminal-history points. The district court was not satisfied with this outcome and sentenced Potts to 216 months. The court also imposed a consecutive 24-month term upon revoking the term of supervised release Potts was serving when he committed the seventh bank robbery. Potts has filed notices of appeal

from the new conviction and sentence and from the revocation of supervised release, but his appointed attorney contends that both appeals would be frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Potts disagrees with counsel's assessment. *See* CIR. R. 51(b).

Regarding the new conviction, in his plea agreement Potts waived the right to appeal his sentence except as to claims that (1) the punishment exceeds the statutory maximum, (2) the sentencing court relied on a constitutionally impermissible factor, and (3) his lawyer was ineffective. Counsel gives no indication that Potts wants his guilty plea set aside, and Potts complains in his Rule 51(b) response only about the prison sentence and not the plea itself. Therefore, the appeal waiver stands, and we will enforce it on its terms. *See Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001). As far as this record shows, none of the exceptions to the waiver applies, and so Potts has no ground to appeal his 216-month sentence.

Potts also has no basis to appeal the revocation of supervised release and term of reimprisonment. The guilty plea to the bank robbery provided sufficient evidence for the district court to conclude that Potts violated the condition of supervised release prohibiting him from committing another criminal offense while on supervision. *See* 18 U.S.C. § 3583(d), (e)(3); *Morrissey v. Brewer*, 408 U.S. 471, 490 (1972). And we would not find the 24-month term of reimprisonment to be plainly unreasonable. *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009). The term, which the court deemed necessary to account for Potts's lengthy criminal record and his speed in reoffending, is below the range of 31 to 41 months recommended by the policy statements in the guidelines, *see* U.S.S.G. § 7B1.4, and is within the statutory maximum, *see* 18 U.S.C. § 3583(e)(3) (setting two-year maximum on revocation of supervised release imposed for Class C felony). Finally, Potts could not challenge the court's decision to run the term of reimprisonment consecutively to the new sentence. The policy statements recommend this outcome, and the court adequately explained why a longer sentence was necessary to protect the public from Potts. *See* U.S.S.G. § 7B1.3(f); *United States v. Gear*, 577 F.3d 810, 811-12 (7th Cir. 2009).

Accordingly, we GRANT counsel's motions to withdraw and DISMISS the appeals.