**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2010
Decided January 5, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2021

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>*v.*<br><br>ISAAC NORFLEET,<br>    *Defendant-Appellant*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 05 CR 117-2<br><br>Blanche M. Manning,<br>*Judge*. |

**O R D E R**

In 2005 Isaac Norfleet pleaded guilty to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 60 months' imprisonment followed by 5 years' supervised release. Three years later Norfleet was released from incarceration and began supervised release. After Norfleet violated the terms of his supervised release a second time, the district court, following an oral agreement between the parties, revoked Norfleet's supervised release and sentenced him to 11-months' imprisonment. Norfleet's appellate counsel has filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), contending that any challenge to Norfleet's conviction or the reasonableness of his sentence would be frivolous. Norfleet has not

accepted our invitation to respond to counsel's motion.  *See* CIR. R. 51(b).  We limit our review to the potential issues identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

According to a probation officer's 2008 petition to revoke Norfleet's supervised release, Norfleet violated three conditions of his probation: (1) testing positive for marijuana; (2) failing to participate in mandated drug treatment; and (3) failing to report to the probation office and to submit written reports as directed.  At a hearing before the district court, Norfleet admitted that he violated the conditions of his supervised release and acceded to the court's order requiring him to report to the Salvation Army for 120 days, after which he would continue to serve the remainder of his original 5-year term of supervised release.

But Norfleet reported at the Salvation Army for only four days, precipitating a second revocation hearing before the district judge.  At the hearing, the government informed the court that it had reached a sentencing agreement with Norfleet in which he would serve an 11-month term of re-imprisonment on the condition that he be excused afterwards from supervised release.  Norfleet told the court he preferred this arrangement because it would allow him to serve out his sentence in its entirety, thus enabling him to relocate to the south and find employment there sooner.  The district court imposed the agreed-upon sentence.

Counsel considers challenging the district court's decision to revoke Norfleet's supervised release on grounds that his admissions were not knowing and voluntary.  *See United States v. LeBlanc*, 175 F.3d 511, 515 (7th Cir. 1999).  But because Norfleet does not wish to challenge the underlying revocation on appeal, counsel correctly forgoes any such discussion.  *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel also considers whether Norfleet could challenge his 11-month prison sentence, but properly concludes that such a challenge would be frivolous.  First, Norfleet's 11-month sentence was below the 3-year maximum of imprisonment that a court may impose for supervised release violations when the underlying conviction is a Class B felony (as was Norfleet's, *see* 18 U.S.C. §§ 3559(a)(2); 3583(e)(3)).  Further, the court properly calculated a guidelines range of 5 to 11 months' imprisonment based on Norfleet's Grade C violations of his supervised release and criminal history category of III (as assessed in the initial presentence investigation report).  *See* U.S.S.G. § 7B1.4(a).  Finally, Norfleet's within-guidelines sentence of 11 additional months for his three Grade C violations was not plainly unreasonable.  *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.