## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011
Decided December 8, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3686

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-30006-001 |
| JULIUS PETTIS, <br> *Defendant-Appellant*. | Richard Mills, <br> *Judge.* |

**O R D E R**

Julius Pettis was working as a government informant in 2007 when he stole $1,000 investigators had given him to buy crack cocaine but told them he paid the money to the drug dealer they were targeting. Pettis pleaded guilty to making a false statement to a federal officer, 18 U.S.C. § 1001, and was sentenced that same year to 12 months' imprisonment and 36 months' supervised release. He completed the prison sentence in January 2008, but in July 2009 the district court revoked his supervised release for driving under the influence and ordered him to serve another 8 months' imprisonment followed by 12 months' supervised release. Pettis was released again in February 2010, but 6 months later his probation officer petitioned to revoke his supervised release, alleging 16 violations. At the revocation hearing Pettis admitted to four of those violations: possessing cocaine,

failing to notify his probation officer about arrests by local police, failing to take medications prescribed for mental illness, and contacting a former girlfriend he had been ordered to stay away from because of prior assaults. The district court revoked Pettis' supervised release and ordered him to serve another 24 months' imprisonment. Pettis appeals, but his appointed counsel moves to withdraw because she cannot identify any nonfrivolous issues for review. *See Anders v. California*, 386 U.S. 786 (1967). Pettis has not opposed counsel's motion. *See* CIR. R. 51(b). Confining our review to the potential arguments developed in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002), we grant the motion to withdraw and dismiss the appeal.

Counsel considers challenging the district court's decision to revoke Pettis' supervised release on the ground that his admissions were not knowing and voluntary. *See United States v. LeBlanc*, 175 F.3d 511, 515 (7th Cir. 1999). But because Pettis does not wish to challenge the revocation on appeal, counsel correctly forgoes any discussion about its validity. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel also considers whether Pettis could argue that his term of 24 months is plainly unreasonable. *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). But she appropriately concludes that any challenge would be frivolous because the district court employed the proper methodology to impose the term. *See United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008). The court correctly determined that, based on Pettis' criminal history category of VI and his Grade B violations of the conditions of his supervised release, the guidelines recommend a term of 21 to 27 months' reimprisonment. *See* U.S.S.G. § 7B1.4(a). And the court properly recognized that because Pettis violated 18 U.S.C. § 1001, which carries a maximum term of imprisonment of 5 years, making it a Class D felony, *see id.* § 3559(a)(4), the statutory maximum term of reimprisonment was 24 months, *see id.* § 3583(e)(3). Finally the court took into account the sentencing factors in 18 U.S.C. § 3553(a)—in particular, Pettis' history and characteristics and the nature and circumstances of his offense, *see id.* § 3553(a)(1), and the need for the sentence imposed, *see id.* § 3553(a)(2). The court explained that it had considered Pettis' prior revocation and his "very, very considerable" record and urged him to take advantage of the drug programs available in prison.

We **GRANT** counsel's motion to withdraw and **DISMISS** Pettis' appeal.