**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2012
Decided April 12, 2012

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3651

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:06-CR-00056(01)RM |
| JONATHAN GRANACKI, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

Jonathan Granacki pleaded guilty to possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1) in 2006, and received a 63-month sentence, coupled with a four-year term of supervised release. After Granacki was released, he violated the conditions of his supervised term by using illegal drugs. The district court revoked Granacki's supervised term, reimprisoned him for one month, and ordered him to serve four months of supervised release at a Federal Bureau of Prisons residential reentry center. When Granacki was caught using illegal drugs at the reentry center, the district court again revoked his supervised release and reimprisoned him for 14 more months. Granacki appeals, but his appointed attorney, unable to identify a nonfrivolous basis for appeal, has moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Granacki to

comment on counsel's motion and received no response, *see* CIR. R. 51(b), so we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers challenging the district court's decision to revoke Granacki's supervised release, but deems such a challenge frivolous. *See* 18 U.S.C. § 3583(e)(3); *United States v. McIntosh*, 630 F.3d 699, 703 (7th Cir. 2011). Because Granacki has not indicated that he wants to contest the revocation itself, the proper course would have been not to explore this challenge. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel next evaluates whether Granacki could challenge the district court's finding that Granacki's possession of heroin was a Grade B violation under the guidelines, *see* U.S.S.G. § 7B1.1. But counsel correctly concludes that such a challenge would be foreclosed by *United States v. Trotter*, 270 F.3d 1150 (7th Cir. 2011). In *Trotter*, we concluded that simple possession by a repeat drug offender is a Grade B violation because the offense exposes the offender to a term of imprisonment exceeding one year. *See id.* at 1152-53. Given that Granacki is a habitual drug offender who possessed heroin, *see* 21 U.S.C. § 844(a), and because the offense exposed him to a term of imprisonment exceeding one year, the heroin possession was a Grade B violation.

Last counsel considers whether Granacki could challenge his 14-month sentence as plainly unreasonable. Counsel concludes that such an argument would be frivolous because the district judge employed the proper methodology when imposing the within-guidelines range sentence. *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Neal*, 512 F.3d 427, 438-39 (7th Cir. 2008). We agree. The district court correctly determined a Guidelines range of 8-14 months' imprisonment (given Granacki's criminal-history category of III and the Grade B violation, *see* U.S.S.G. § 7B1.4), which fell below the statutory maximum of three years, *see* 18 U.S.C. § 3559(a)(2). In selecting a 14-month sentence, the district judge considered the policy statements in the guidelines, *see* U.S.S.G. ch. 7, pt. B, and applied the factors set forth in 18 U.S.C. § 3553(a), emphasizing Granacki's history and characteristics–that he is a habitual offender who squandered a second chance by using heroin while at the reentry center where he was receiving drug counseling.

We GRANT counsel's motion to withdraw and DISMISS the appeal.