NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued April 17, 2012
Decided May 15, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3678

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Eastern |
| | District of Wisconsin. |
| v. | |
| | No. 2:06-cr-00149-RTR-2 |
| RONALD ALVAREZ, | |
| *Defendant-Appellant.* | Rudolph T. Randa, |
| | *Judge.* |

### O R D E R

After serving a 12-month prison sentence for selling counterfeit money, Ronald Alvarez was released and began a 3-year term of supervised release in March 2009. During the second year of his supervised release, the probation department submitted a Revocation Hearing Report, listing six violations of his supervised release; this appeal, however, concerns only release condition number 2, which required Alvarez to provide truthful and complete

information to his probation officer. According to the Revocation Hearing Report, Alvarez violated that release condition by providing false pay stubs—as verification of his employment—to his probation officer. Pursuant to the U.S.S.G. § 7B1.1, the probation officer classified that violation as a Grade B violation. And based on the Grade B violation and a criminal history category IV, Alvarez's advisory revocation Guideline range was 12 to 18 months.

On November 18, 2011, the district court conducted a revocation hearing. At the hearing, Alvarez challenged the violation, denying that he supplied false pay stubs. After examining the evidence, the district court found that Alvarez had violated that release condition.

The government recommended a sentence within the 12-to-18-month Guideline range. The district court, after considering the statutory sentencing factors, sentenced Alvarez to 6 months' imprisonment with no further supervised release. Alvarez appeals the district court's determination that he submitted false stubs.

We review a district court's decision to revoke a supervised release for an abuse of discretion. *United States v. Dillard*, 910 F.2d 461, 464 (7th Cir. 1990). To revoke a term of supervised release, the court must find by a preponderance of the evidence that the defendant violated the terms of the supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Goad*, 44 F.3d 580, 585 (7th Cir. 1995). A district judge's factual findings are reviewed for clear error. *United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009).

Alvarez argues that the government did not prove by a preponderance of the evidence that he submitted false pay stubs. We disagree. Our review of the record convinces us that the district court's finding *was* supported by a preponderance of evidence. The district court noted that the questioned pay stubs were different in format from pay stubs that were verified as authentic; the questioned stubs were handwritten, while the authentic pay stubs were printed and other differences between the questioned stubs and the authentic stubs included the gross income and deduction amounts. Finally, the district court noted that the questioned pay stubs were issued in reverse order.

Besides looking at the facial validity of the pay stubs, the district court also heard testimony from Alvarez and his probation officer. During the hearing, the probation officer testified that Alvarez admitted to her that the questioned pay stubs were false and that during those particular pay periods, he was actually being paid in cash. Alvarez testified that the pay stubs were not false, but the district court found the probation officer more credible than Alvarez: "It comes down to a fact this is a credibility issue . . . . I find I have to side with [the probation officer]." In accepting the probation officer's testimony over Alvarez's, the district

court noted that Alvarez's credibility, in part, was undermined by his original conviction of selling falsely made obligations of the United States.

The district court's determination that Alvarez submitted false pay stubs to his probation officer was supported by a preponderance of the evidence, and therefore, it was not an abuse of discretion to revoke Alvarez's supervised release.

We AFFIRM the district court's judgment.