NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2014
Decided May 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 13-3103

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-Cr-188 |
| ALLEN C. HELTON, *Defendant–Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

After serving a 60-month sentence for conspiring to transport stolen all-terrain vehicles across state lines, *see* 18 U.S.C. §§ 371, 2312, Allen Helton violated the terms of his supervised release by using cocaine, traveling to Illinois without notifying or receiving approval from his probation officer, and associating with a felon. Helton admitted to each of those violations. The district court revoked his supervision and imposed a 24-month term of reimprisonment. Helton has filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, No.

13-1163, 2014 WL 1389090, at *2 (7th Cir. Apr. 10, 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that Helton does not contest his admissions underlying the revocation, so a challenge to the revocation cannot be a potential issue for appeal. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). And at all events, any of his confessed violations would have supported revocation. *See* U.S.S.G. § 7B1.3(a)(2); *United States v. Salinas*, 365 F.3d 582, 585 n.1 (7th Cir. 2004).

Counsel discusses only one other proposed challenge, to the reasonableness of Helton's prison term, but that also would be frivolous. Twenty-four months was the longest term that Helton could receive because the offense for which he was on supervised release is a Class D felony. *See* 18 U.S.C. §§ 371, 3559(a)(4), 3583(e)(3). And although the recommended reimprisonment range was only 8 to 14 months, *see* U.S.S.G. § 7B1.4, the district court concluded that a higher penalty was warranted based on Helton's criminal record, which on direct appeal we described as "atrocious." *United States v. Helton*, 370 F. App'x 709, 710 (7th Cir. 2010); *see* 18 U.S.C. §§ 3553(a)(1), 3583(c). The court also meaningfully discussed other relevant factors, including Helton's lack of control over his criminal behavior, and the need to deter him from crime and protect the public from his potential further lawlessness. *See* 18 U.S.C. §§ 3583(c), 3553(a)(1), (a)(2)(B), (a)(2)(C). We would not find the term imposed to be plainly unreasonable. *See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Jackson*, 549 F.3d 1115, 1118 (7th Cir. 2008).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.