# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2010

Lyle W. Cayce
Clerk

No. 10-10031
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RONNIE GRACE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-248-5

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ronnie Grace had his supervised release revoked following his convictions for three conspiracy offenses: conspiracy to commit bank fraud, social security number fraud, and fraudulent use of identification documents. He appeals, arguing that the district court erred in holding that false statements in his monthly supervision reports constituted violations of 18 U.S.C. § 1001(a) and Grade B violations of his supervised release. He asserts that his false

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statements fell within the judicial proceeding exception in Section 1001(b), for statements made by a party to a judge in a judicial proceeding.

Grace did not raise this argument in the district court. Therefore, our review is limited to plain error. *See United States v. Davis*, 602 F.3d 643, 647 n.5 (5th Cir. 2010). To establish plain error, he must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). He must show that the error was clear under current law in place at the time of trial. *United States v. Jackson*, 549 F.3d 963, 977 (5th Cir. 2008). An error is not plain under "current law" "if a defendant's theory requires the extension of precedent." *Id.* (internal citations omitted). If the appellant makes such a showing, this court has the discretion to correct the error if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 129 S. Ct. at 1429.

Grace has not shown that the district court plainly erred in holding that his false statements constituted a violation of Section 1001(a) and a Grade B violation of his supervised release. This court has not addressed in a published opinion the applicability of the judicial proceeding exception in Section 1001(b) to such statements. Two circuits have reached opposite conclusions. *Compare United States v. Horvath*, 492 F.3d 1075, 1080-82 (9th Cir. 2007), *with United States v. Manning*, 526 F.3d 611, 613-21 (10th Cir. 2008). Given the absence of binding precedent and the disagreement elsewhere in the circuit courts, any error by the district court was not clear and obvious. *See Jackson*, 549 F.3d at 977. Therefore, Grace has not shown that any error by the district court constituted plain error. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.