NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 20, 2011
Decided January 21, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2498

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:10CR40029-001-GPM |
| MICHAEL O. QUILLMAN, *Defendant-Appellant.* | G. Patrick Murphy, *Judge.* |

**O R D E R**

The district court revoked Michael Quillman's supervised release and imposed an additional 24 months' imprisonment. Quillman appeals, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Quillman has not responded to counsel's motion. Our review is limited to the potential issues counsel identifies in her facially adequate brief. *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Quillman pleaded guilty in the Western District of Washington to transporting a minor across state lines to engage in criminal sexual activity, *see* 18 U.S.C. § 2423(a), and transporting in interstate commerce visual depictions of the minor engaging in sexually explicit conduct, *see id*. § 2252(a)(1). (Quillman was 30 when he drove the 16-year-old victim

from Illinois to Washington. Canadian customs agents discovered her in the trunk of Quillman's car when he tried to cross the border. Videotapes of him engaging in sexual intercourse with the victim were found in the car, as were rolls of film that included photographs of similar conduct.) In 2004 the district court in Washington sentenced Quillman to a total of 84 months' imprisonment[*] and 5 years' supervised release.

Quillman was released from prison and began his term of supervised release in October 2009. The sentencing court permitted him to reside in Illinois under the supervision of the probation office in the Southern District, and in June 2010 jurisdiction over his supervised release was formally transferred to that district. By then Quillman had moved to a different county to live with his girlfriend, and state officials were planning to prosecute him under the Sex Offender Registration Act for failing to disclose the move and register his new address. *See* 730 ILCS 150/1-12. After learning about the impending prosecution, Quillman's probation officer petitioned the district court to revoke his supervision. According to the officer, Quillman had committed crimes—making false statements, failing to register as a sex offender, failing to report a change of address—and had violated several other standard conditions of supervised release.

At a revocation hearing, Quillman admitted to the allegations in the petition. (He conceded that the government would be able to prove that he committed the state violations—which had since been charged—by a preponderance of the evidence.) The government argued that Quillman should be reimprisoned for 10 months because he had lied to his probation officer about where he was living and thus damaged the officer's ability to work with him. Defense counsel acknowledged Quillman's failure to comply with the registration statute but said he had been making progress in treatment and recommended continued supervision, with either home confinement or placement in a halfway house. When asked by the district court why he had not followed the instructions his probation officer had clearly explained, Quillman said he had forgotten some of the rules of supervised release. The court revoked his supervision and imposed 24 months' reimprisonment, well above the guidelines range of 4 to 10 months.

In her *Anders* brief, counsel first considers arguing on appeal that the district court abused its discretion by revoking Quillman's supervised release. But Quillman has not said or suggested that he wants the revocation set aside, and in such situations counsel should

---

[*]At that time, 18 U.S.C. § 2423(a) mandated a sentence of "not less than 5 years and not more than 30 years." The statute has since been amended and now mandates a sentence "not less than 10 years or for life." *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 204, 120 Stat. 587, 613 (2006).

not explore possible challenges to a revocation. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). In any event, a challenge would be frivolous because Quillman admitted violating the conditions of his supervised release, and, as counsel recognizes, the revocation complied with Federal Rule of Criminal Procedure 32.1. *See* 18 U.S.C. § 3583(e)(3); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007).

Counsel next examines whether it was plainly unreasonable for the district court to order 24 months' reimprisonment. *See United States v. Kizeart*, 505 F.3d 672, 673-75 (7th Cir. 2007). The crimes Quillman admitted committing—making false statements, failing to register, and failing to report a change of address—were all punishable by terms of imprisonment greater than one year, *see* 18 U.S.C. § 1001(a); 730 ILCS 150/3, 6, 10; *id*. 5/5-4.5-40, and thus were Grade B violations of his supervised release, *see* U.S.S.G. § 7B1.1(a)(2). The court correctly determined that the guidelines range for his reimprisonment—based on his Category I criminal history when he was sentenced in Washington and his Grade B violations—was 4 to 10 months. *See* U.S.S.G. § 7B1.4(a). The court also properly recognized that the statutory-maximum term of reimprisonment was 36 months; when Quillman violated 18 U.S.C. § 2423(a), the statute mandated a prison term of 5 to 30 years, making it a Class B felony, *see* 18 U.S.C. § 3559(a)(2) (2000), which meant that he could serve no more than 3 additional years in prison upon revocation, *see id*. § 3583(e)(3). And, as required by § 3583(e)(3), the court took into account the sentencing factors in 18 U.S.C. § 3553(a)—in particular, Quillman's history and characteristics, *see id*. § 3553(a)(1), and the need to protect the public from further crimes, *see id*. § 3553(a)(2)(C). The court explained to Quillman that the conditions of supervised release and the registration requirements for sex offenders exist "for the protection of the larger society," and, in deciding on 24 months' reimprisonment, reasoned that there was no point to additional supervised release because, in the court's view, Quillman was unlikely to comply with the conditions. We would not find the term of reimprisonment plainly unreasonable. *See United States v. Neal*, 512 F.3d 427, 438-39 (7th Cir. 2008); *Kizeart*, 505 F.3d at 674-75.

Finally, counsel considers whether Quillman could argue that he received ineffective assistance of counsel. But because Quillman admitted to the violations alleged in the petition for revocation and did not offer any substantial justification or arguments in mitigation, he had no constitutional right to counsel at his revocation hearing, which precludes any claim of ineffective assistance. *See United States v. Eskridge*, 445 F.3d 930, 932-33 (7th Cir. 2006).

We GRANT counsel's motion to withdraw and DISMISS Quillman's appeal.