**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4337**

_____

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

LEON S. WESTBERRY,

     Defendant - Appellant.

_____

**No. 11-4338**

_____

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

LEON S. WESTBERRY,

     Defendant - Appellant.

_____

Appeals from the United States District Court for the District
of South Carolina, at Florence and Columbia.  R. Bryan Harwell,
District Judge.  (4:10-cr-00093-RBH-1; 3:02-cr-01150-RBH-1)

_____

Submitted:  June 29, 2012    Decided:  August 1, 2012

_____

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

James M. Griffin, LEWIS, BABCOCK & GRIFFIN, L.L.P., Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jeffrey Mikell Johnson, Robert F. Daley, Jr., William E. Day, II, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, Leon S. Westberry pleaded guilty to two counts of mail fraud, in violation of 18 U.S.C. § 1341 (2006). The district court sentenced Westberry to thirty-seven months of imprisonment, followed by three years of supervised release, and ordered Westberry to make restitution in the amount of $1,536,000. Subsequently, Westberry was convicted by the district court following a bench trial of thirty-six counts of knowingly and willfully making material false statements, in violation of 18 U.S.C.A. § 1001(a) (West 2006 & Supp. 2011). The district court also found that Westberry had violated the terms of his supervised release for the conduct underlying the new convictions and for other false statements made to Westberry's probation officer. The court sentenced Westberry to sixty months of imprisonment for the counts of conviction, plus nine months of imprisonment for the supervised release revocation, to be served concurrently.

Westberry now appeals and, with respect to the appeal of the revocation of supervised release, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in revoking Westberry's supervised release and unreasonably delayed holding a hearing on the supervised release revocation. Westberry was informed of his right to file a pro se supplemental brief but

3

has not done so.  Finding no error, we affirm the judgment of the district court in all respects.

Westberry first argues that his new criminal convictions must be reversed because his statements to his probation officer fall within the judicial function exception to the statute.  As Westberry failed to raise this issue before the district court, we review for plain error.  See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993); see also United States v. Grace, 396 F. App'x 65 (5th Cir. 2010) (reviewing same issue for plain error).  To meet this standard, Westberry must demonstrate that there was error, that was plain, and that affected his substantial rights.  Olano, 507 U.S. at 731-32.  Moreover, even if Westberry demonstrates plain error occurred, we will not exercise our discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and citation omitted).

Pursuant to 18 U.S.C.A. § 1001(a)(2), a defendant may not, in any matter within the jurisdiction of the judicial branch, make any materially false statement or representation. This section does not apply, however, "to a party to a judicial proceeding . . . for statements, representations, writings or documents submitted by such party . . . to a judge or magistrate in that proceeding."  18 U.S.C. § 1001(b) (2006).  This court

4

has not construed the judicial function exception in the context of statements made to a probation officer. Two circuits, however, have reached opposite conclusions on similar issues. Compare United States v. Hovarth, 492 F.3d 1075 (9th Cir. 2007) (finding exception applied to statements to probation officer conducting presentence investigation); with United States v. Manning, 526 F.3d 611 (10th Cir. 2008) (exception did not apply to failure to include retirement account in financial statement to probation officer conducting presentence investigation). As there is no binding precedent in this Circuit, and as there is a conflict among other circuits regarding the applicability of the exception to this situation, any error by the district court was not clear and obvious. See United States v. Rhodes, 32 F.3d 867, 871 (4th Cir. 1994) (for error to be plain it must be "clear or obvious"). Accordingly, regardless of the ultimate merit of Westberry's argument, he cannot satisfy the high standard of plain error review.

Westberry next argues that his statements to his probation officer regarding his financial situation were not material because the probation officer could not alter the terms of the restitution order. Westberry also challenges the sufficiency of the evidence to demonstrate that he knowingly and willfully made the misrepresentations. "Our review of the district court's finding of materiality is necessarily limited."

United States v. Garcia-Ochoa, 607 F.3d 371, 376 (4th Cir. 2010). "Materiality, as an element of a criminal offense, is a question of fact (or at the very least, a mixed question of law and fact) to be resolved by the fact finder, which in the case of a bench trial is the federal district judge." Id. (citations omitted). Following a bench trial, we review a district court's factual findings for clear error and review a challenge to the sufficiency of the evidence "in the light most favorable to the government in order to decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks, alteration, and citations omitted).

To be material, statements must "ha[ve] a natural tendency to influence, or [have been] capable of influencing, the decision of the decisionmaking body to which [they were] addressed." Kungys v. United States, 485 U.S. 759, 770 (1988); see also Garcia-Ochoa, 607 F.3d at 375 ("The test of materiality is whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action.") (citations omitted). We have thoroughly reviewed the record and conclude that the district court did not err in finding Westberry guilty of the offenses, as there was substantial evidence to show that Westberry's false statements

6

were material and that Westberry knowingly and willfully made the misrepresentations.

Westberry also argues that the convictions for the first thirty-two counts of the indictment must be vacated because the court's findings following the bench trial demonstrate that the court constructively amended the indictment. "A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Hackley, 662 F.3d 671, 682 n.6 (4th Cir. 2011) (internal quotation marks and citation omitted). Constructive amendments are "fatal variances because the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Perry, 560 F.3d 246, 256 (4th Cir. 2009) (internal quotation marks and citations omitted).

A constructive amendment is "error per se and is an independent ground for reversal on appeal even when not preserved by an objection." United States v. Roe, 606 F.3d 180, 189-90 (4th Cir. 2010) (citation omitted). After having carefully considered the record and the relevant legal

7

authorities, we conclude that the district court did not constructively amend the indictment.

With respect to the court's revocation of Westberry's supervised release, appellate counsel first questions whether the district court abused its discretion in finding that Westberry violated the terms of his supervised release. We review the district court's revocation of supervised release for abuse of discretion. See United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a term of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2008); see United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). Appellate courts review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). As discussed above, the district court did not err in finding that Westberry made materially false statements to his probation officer. We therefore conclude that the court did not err in finding, based in part on the finding of guilt of the new offenses, that Westberry violated the terms of his supervised release.

Finally, counsel questions whether the court unreasonably delayed holding a hearing on the probation officer's petition for revocation of supervised release, filed

8

fifteen months prior to the revocation hearing. However, the district court held the revocation hearing at the same time in conjunction with the sentencing proceeding for Westberry's new criminal convictions. As the facts supporting the petition for revocation of supervised release were intertwined with the facts supporting the new criminal charges, the district court acted well within its discretion in holding the supervised release revocation hearing after the trial for the new charges was completed.

We have examined the entire record in accordance with the requirements of Anders with regard to the supervised release revocation and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Westberry, in writing, of the right to petition the Supreme Court of the United States for further review. If Westberry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Westberry. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

9