NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2014
Decided July 25, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3721

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 90-CR-40004 |
| JOHN L. WAGNER, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

After serving time for conspiring to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), John Wagner violated the terms of his supervised release. He admitted a number of violations—making false statements, failing to submit truthful written reports about his monthly income, and failing to notify his probation officer of contact with law enforcement and changes to his residence and employment. The district court revoked Wagner's supervised release, sentenced him to time served, and imposed a new four-year term of supervised release (with the first 6 months to be served at a halfway house). Wagner appeals, but his lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Wagner has not answered our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has

submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Wagner might challenge the revocation of his supervised release. But Wagner has not said or suggested that he wants the revocation set aside, so counsel need not have explored possible challenges to it. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel next considers whether Wagner could challenge the length of his reimprisonment (time served, or approximately six weeks' imprisonment, dating from Wagner's initial appearance in September 2013 to his resentencing hearing in late October 2013). We agree with counsel that any such challenge would be frivolous because the district court applied the proper methodology in setting the sentence. *See United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008). The court assessed a guidelines range of 8 to 14 months based on a criminal history category of III and a "Grade B" supervised-release violation for making false statements. 18 U.S.C. § 1001; U.S.S.G. § 7B1.1(a)(2). In imposing a below-guidelines sentence of time served (as Wagner requested), the court emphasized the nature and circumstances of his violations, 18 U.S.C. § 3553(a)(1), and the need to deter him from future ones, *id.* § 3553(a)(2)(B).

Counsel finally considers whether Wagner may raise the issue of ineffective assistance but properly concludes that such a challenge is best left for collateral review through which a record can be developed, *see Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005), especially since she also represented him at his revocation hearing, *see United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.