NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2017
Decided March 9, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3481

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-CR-30079-02-MJR |
| SHENITA SIMMONS, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

**O R D E R**

Shenita Simmons was caught buying a handgun for her brother-in-law, a felon, and in 2014 she pleaded guilty to lying on a required form by saying that the gun was for her. *See* 18 U.S.C. § 1001(a). The guidelines imprisonment range was 10 to 16 months, but the district court sentenced Simmons to 3 years' probation. Eighteen months later her probation officer sought revocation for a litany of violations, *see* 18 U.S.C. § 3565, including possessing and using cocaine and marijuana, lying to the probation officer about her drug use, and associating with a felon known to be involved in criminal activity. Simmons did not contest any of the accusations, and, by statute, her drug possession was enough to compel revocation and imprisonment, *see id*. § 3565(b)(1). The district court revoked her probation but postponed the punishment phase to give Simmons a chance to demonstrate good behavior. During that reprieve she instead

engaged in further misconduct, prompting the court to conclude that a term of supervised release after incarceration would be pointless. The court calculated a post-revocation imprisonment range of 4 to 10 months, *see* U.S.S.G. ch. 7, pt. B, and imposed a 10-month term. Simmons filed a notice of appeal, but her appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

A defendant facing revocation of probation does not have a constitutional right to counsel if, like Simmons, she concedes the alleged violations without disputing the appropriateness of revocation or asserting substantial and complex grounds in mitigation. *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Yancey*, 827 F.2d 83, 89 (7th Cir. 1987); *see United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006) (same as to revocations of supervised release). And when counsel's service is not constitutionally required, we are not compelled to apply the *Anders* safeguards in ruling on a motion to withdraw. *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Yet we do so as a matter of practice, and thus we invited Simmons to comment on counsel's motion. *See* CIR. R. 51(b). She has not responded, and the lawyer's supporting brief explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. The analysis appears to be thorough, so we focus our review on the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first advises that Simmons, although dissatisfied with the length of her prison term, does not want to contest the revocation of her probation. Thus the lawyer properly refrains from discussing whether Simmons could challenge the adequacy or voluntariness of her admissions to the charged violations. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

As for potential appellate claims, counsel evaluates whether Simmons could argue that the district court, in applying the sentencing guidelines, misclassified her violations of probation and thus overstated the post-revocation imprisonment range. The court calculated that range at 4 to 10 months, although Simmons could have been given up to 5 years, the same statutory maximum she faced when sentenced initially to probation. *See* 18 U.S.C. §§ 1001(a), 3565(a)(2); *United States v. Tatum*, 760 F.3d 696, 697 (7th Cir. 2014) (explaining that maximum penalties applicable at initial sentencing also apply on revocation of probation). The district court concluded—without objection from Simmons—that possessing cocaine and lying to a probation officer are Grade B

violations, which U.S.S.G. § 7B1.1(a)(2) defines as federal or state crimes punishable by more than a year in jail. (Misconduct short of a felony is a Grade C violation, and without a Grade B violation, the defendant's imprisonment range would have been a month less at each end. U.S.S.G. §§ 7B1.1(a)(3); 7B1.4(a).)

Appellate counsel asserts that the lies alone support the finding of Grade B violations; counsel relies on a 1995 opinion from the Eighth Circuit and a pair of nonprecedential decisions from this court, all of which assume that lying to a supervising probation officer is a violation of 18 U.S.C. § 1001(a), a felony. *See United States v. Wagner*, 573 F. App'x 598, 598–99 (7th Cir. 2014); *United States v. Quillman*, 409 F. App'x 18, 21 (7th Cir. 2011); *United States v. Grimes*, 54 F.3d 489, 491–92 (8th Cir. 1995). But *Grimes* was decided before Congress amended § 1001 to exempt from its coverage any false statement made to a "judge or magistrate" by a party in a "judicial proceeding," 18 U.S.C. § 1001(b), and we haven't yet considered whether, or to what extent, that exemption covers lies made to a probation officer by a person under supervision, *compare United States v. Horvath*, 492 F.3d 1075, 1076 (9th Cir. 2007) (holding that defendant's lies to probation officer preparing presentence report fall within § 1001(b) exception if probation officer must include particular statement in report), *with United States v. Vreeland*, 684 F.3d 653, 661–66 (6th Cir. 2012) (concluding that monitoring of defendant on supervised release is not a "judicial proceeding" and, thus, false statements to supervising probation officer are not exempt from prosecution under § 1001(b)), *and United States v. Manning*, 526 F.3d 611, 614–21 (10th Cir. 2008) (concluding that language and legislative history of § 1001(b) exclude from exemption's coverage a false statement to probation officer); *see also United States v. Westberry*, 491 F. App'x 364, 365–66 (4th Cir. 2012) (upholding § 1001(a) convictions, on plain-error review, because defendant had forfeited any possible error by not asserting at trial that § 1001(b) forecloses prosecuting lies made to probation officer while on supervised release); *United States v. Grace*, 396 F. App'x 65, 65–66 (5th Cir. 2010) (concluding that any error in calculating range of reimprisonment was not plain where defendant never objected, based on § 1001(b), to sentencing court's finding that lying to probation officer in monthly supervision reports constitutes Grade B violation). We would not have to address the impact of § 1001(b), however, because in Illinois possessing even a user quantity of cocaine is a felony that is punishable by more than a year in prison, *see* 720 ILCS 570/402(c); 730 ILCS 5/5-4.5-45(a). For that reason it would be frivolous for Simmons to claim that the sentencing court misclassified the most-serious violations of the conditions of her probation.

Counsel also considers whether Simmons could argue that the 10-month prison term is unreasonable. As required by § 3565, the district judge applied the relevant factors in 18 U.S.C. § 3553(a), taking into account the defendant's "minimal criminal history," her role as sole caregiver for her minor child, her full-time work during most of the time she was on probation, and her financial dependence on her deceased husband's brother—who recruited her to buy the gun. But these mitigating factors were outweighed, the judge concluded, by Simmons' repeated violations, in particular lying to the probation officer about her drug use. Simmons repeatedly had flaunted the law, the court explained, and shown disdain for the significant leniency she had received, warranting a 10-month term. As appellate counsel recognizes, we would not find that term to be unreasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.