In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3171

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VERTRAN M. WHEATON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 1:02–CR–110–TS—**Theresa L. Springmann**, *Judge*.

SUBMITTED MAY 26, 2010—DECIDED JUNE 22, 2010

Before EASTERBROOK, *Chief Judge*, and POSNER and
WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.    The defendant's supervised
release was revoked because he admitted having
violated its terms by helping to distribute marijuana;
by way of sanction the judge ordered him to serve
36 months in prison. The defendant appealed. His
lawyer has filed an *Anders* brief in which he reviews the
grounds for an appeal and concludes convincingly that

all would be frivolous. See *Anders v. California*, 386 U.S. 738 (1967). Only one point in the brief warrants discussion. The defendant admitted as we said that he had violated the terms of his supervised release, and, as the *Anders* brief explains, there can be no doubt that the admissions were knowing and voluntary, so that any challenge to them would be certain to fail. But we add that the defendant could not prevail even if the admissions were not shown to be knowing and voluntary. For he does not ask to withdraw the admissions. He objects to the 36-month prison term that the judge imposed but not to the revocation of supervised release on the basis of the admissions he made.

In *United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002), we held that the voluntariness of a guilty plea is not a potential appealable issue that must be discussed in an *Anders* brief, unless the defendant wants to withdraw the plea after being informed by his lawyer of the risks of doing so. He cannot retain the plea while challenging admissions on which it was based. He cannot in other words have his cake (a plea that may have resulted in a lighter sentence than if he had refused to plead guilty and been convicted after a trial) and eat it (withdraw admissions, made in the plea hearing, that might undermine challenges he may now wish to make to his conviction or sentence). We have not found any other reported case that addresses the issue.

The logic of *Knox* extends to a case (also one of first impression) in which the defendant does not challenge the revocation of his supervised release. We hold there-

fore that he cannot be allowed to challenge admissions that undergird that revocation. He can challenge them *and* the revocation, but if he is content with the revocation (fearing the possible consequences of a new revocation hearing) he cannot challenge it indirectly by attacking the admissions on which it was based.

Counsel's motion to withdraw as counsel is granted and the appeal dismissed.