NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010
Decided July 13, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2906

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 96-CR-30054 |
| | |
| ANTHONY THOMAS, | Jeanne E. Scott, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Anthony Thomas was convicted of two counts of mailing threatening communications. *See* 18 U.S.C. § 876. He was originally sentenced to 120 months' imprisonment and 3 years of supervised release, but later resentenced to 115 months' imprisonment and 3 years of supervised release because the district court declined to group the counts under U.S.S.G. § 3D1.2(b). *See United States v. Thomas,* 155 F.3d 833, 840 (7th Cir. 1998). After Thomas violated the conditions of his supervised release by possessing controlled substances and driving under the influence, the district court revoked Thomas's supervised release and ordered him to serve another 21 months' imprisonment. Thomas appeals, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Thomas filed a motion to appoint counsel, which we construe as a response to counsel's motion to

withdraw. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief and Thomas's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Thomas could challenge the voluntariness of his admitting, and stipulating to, a violation of his supervised release, or waiving his right to an evidentiary hearing. In *United States v. Wheaton,* No. 09-3171, 2010 WL 2485749 (7th Cir. June 22, 2010), which was decided after counsel filed his *Anders* brief, we instructed appellate lawyers not to challenge the admissions underlying the revocation of supervised release unless they are certain that their client wants to undo the revocation as well, *see id.* at *1, and Thomas has not suggested that he wants to do so here. We have reviewed the transcript nonetheless and confirm counsel's conclusion that the record offers no basis to conclude that Thomas's admission, stipulation, or waiver was involuntary. At the revocation hearing (at which he appeared with counsel) Thomas responded to inquiries by the judge by admitting that he possessed marijuana, morphine, and cocaine, and stipulating to the facts that supported the DUI charge. Given the explanation of the charges and Thomas's admissions, we agree with counsel that it would be frivolous for Thomas to argue that any waiver of his rights under Rule 32.1 (such as the right to present evidence, *see* FED. R. CRIM. P. 32.1(c)) was involuntary under the totality of the circumstances. *See United States v. LeBlanc*, 175 F.3d 511, 516-17 (7th Cir. 1999). And once Thomas admitted to possessing controlled substances, the record amply supported a finding that he violated the terms of his supervised release and revocation was mandatory. *See* 18 U.S.C. § 3583(g)(1); U.S.S.G. § 7B1.3(a)(1).

Next, counsel asks whether Thomas could challenge the length of the reimprisonment. We will uphold a term of reimprisonment imposed on revocation of supervised release unless it is "plainly unreasonable." *United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007). The district court adequately considered the nature of Thomas's offense and his mental health issues, the policy statements in the guidelines, *see* U.S.S.G. ch. 7, pt. B, and the sentencing factors set out in 18 U.S.C. § 3553(a). *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008); *United States v. Pitre,* 504 F.3d 657, 664 (7th Cir. 2007). And his 21-month term is within the statutory maximum of 2 years. *See* 18 U.S.C. § 3583(e)(3). Thus we agree with counsel that any challenge to Thomas's term of reimprisonment would be frivolous.

In Thomas's 51(b) response, Thomas argues that he received ineffective assistance of counsel during the revocation proceedings. But a a claim of ineffective assistance generally

should be presented in a collateral action under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.