**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011
Decided May 4, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3435

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 4:01CR40030-005-GPM |
| | |
| SULLIVAN R. YOUNG | G. Patrick Murphy, |
| *Defendant-Appellant.* | *Judge.* |

---

No. 10-3845

| | |
|---|---|
| | Appeals from the United States District |
| UNITED STATES OF AMERICA, | Court for the Southern District of Illinois. |
| *Plaintiff-Appellee,* | |
| | No. 4:01CR40030-002-GPM |
| *v.* | |
| | G. Patrick Murphy, |
| MICHAEL L. MILLER, | *Judge.* |
| *Defendant-Appellant.* | |

**O R D E R**

In 2001 Sullivan Young and Michael Miller participated in a scheme to distribute crack cocaine and, with several other participants, were charged with offenses related to their participation. Both Young and Miller pleaded guilty to conspiracy to possess with intent to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, and after serving their sentences, were released to supervision. Young violated the terms of his supervised release by robbing a bank and was resentenced to an additional 36 months' imprisonment. Miller violated the terms of his supervised release by possessing bags of Oxycodone and drug paraphernalia, and was resentenced to an additional 24 months' imprisonment. We consolidated their appeals, and the appointed lawyer for each defendant seeks permission to withdraw on the ground that her client's appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Miller, but not Young, has accepted our invitation to comment on counsel's facially adequate submissions. *See* CIR. R. 51(b). We limit our review to the potential issues discussed by counsel and Miller. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Both lawyers begin by considering whether it would be frivolous to argue that the district court erred in revoking supervised release. But neither defendant has said or suggested that he wants the revocation set aside, and in such situations counsel should not explore possible challenges to a revocation. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Both lawyers next ask whether the defendants could challenge the length of their reimprisonment. But counsel correctly conclude that such a challenge would be frivolous because the district court applied the proper methodology in setting the sentences. *See United States v. Neal*, 512 F.3d 427, 438-39 (7th Cir. 2008). With respect to Young, the district court assessed his guidelines range of 15 to 21 months based on a criminal history category of II and a "Grade A" supervised-release violation for the bank robbery. S*ee* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a). Although the court gave Young an above-range sentence, the court adequately explained its decision by reiterating the seriousness of the bank robbery, the traumatic consequences for Young's victims given the use of a gun, and the short passage of time between Young's release and his offense. 18 U.S.C. § 3553(a)(1). We would not deem the term of reimprisonment plainly unreasonable. *See Neal*, 512 F.3d at 438-39 (7th Cir. 2008); *See United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007).

With respect to Miller, the court assessed his guidelines range of 8 to 14 months based on a criminal history category of III and a "Grade B" supervised-release violation for drug possession. S*ee* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a). Although the court gave Miller an above-range sentence, the court adequately explained its decision by noting that he had been caught with drugs and drug paraphernalia, 18 U.S.C. § 3553(a)(1), and by voicing its

concern that Miller would not successfully complete his supervised release, *id.* § 3553(a)(2). We would not consider his term of reimprisonment plainly unreasonable either.

In his Rule 51(b) response, Miller asks whether the district court at sentencing erroneously took into account the drugs and drug paraphernalia that law enforcement discovered in December 2010. His reasoning is difficult to follow, but Miller contends that the court should not have considered the evidence because, he believes, these items were not listed in the petition to revoke his supervised release. Miller is mistaken about the listing; his December 2010 offense of possessing drugs and drug paraphernalia is the first item listed in the petition to revoke.

Finally, both lawyers consider whether their clients could possibly argue ineffective assistance. But neither lawyer identifies a shortcoming on which to premise a claim, and since each lawyer also represented her client in the district court, it would have been inappropriate to impugn her own performance. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). Thus the general rule that claims of ineffective assistance are best pursued on collateral review, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005), is all the more sensible in these cases.

The motions to withdraw are GRANTED, and these appeals are DISMISSED.