**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2011
Decided October 20, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1859

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 90-cr-200 |
| | |
| MICHAEL L. TRAPP, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

When Michael Trapp pleaded guilty to being a felon in possession of a firearm, armed bank robbery, and attempted bank larceny, he resolved to start his life anew. But while on supervised release, Trapp proved that old habits die hard when he robbed a car rental dealership and fled the state. At his revocation hearing, Trapp did not contest any of the charges but asked the court to impose his reimprisonment concurrently with his seven-year state sentence for armed robbery. The district court imposed the minimum 36 months' imprisonment, but ran it consecutively to Trapp's state-court sentence. Trapp appeals, but his attorney has determined that any appeal would be frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Trapp declined our invitation to respond to his counsel's motion. *See* Cir. R. 51(b). We limit our review to the potential issues identified

in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Trapp could challenge the revocation of his supervised release. But Trapp has not indicated that he wants to challenge the revocation, so counsel should have omitted this discussion. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel next considers challenging Trapp's reimprisonment term, but correctly concludes such a challenge would be frivolous. The court followed the proper methodology in deciding the length of imprisonment. *See United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008). The court first assessed a guidelines range of 51-63 months, driven primarily by Trapp's decades-long history of violence (which equaled a criminal history category of VI), his guilty plea to armed robbery (a Grade A violation of his release), and his guilty plea to possession of a firearm after three convictions for violent felonies (a Class A felony). *See* U.S.S.G. § 7B1.4; 18 U.S.C. § 924(e). The court next considered the relevant § 3553(a) factors, particularly the need to protect the public in light of the violent nature of Trapp's offenses and his life-long pattern of violent crime. At 57, Trapp was older than most violent offenders, the court noted, and prison had not deterred him from his latest armed robbery. The court considered Trapp's mental illness and abandonment by his birth mother, but found these could not excuse his continued violence. The court then sentenced Trapp to the statutory minimum 36 months' imprisonment, and we presume that a sentence within or below a properly calculated guidelines range is reasonable. *United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011). Counsel has not identified any argument to rebut that presumption, nor have we.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.