**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2011
Decided November 23, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1701

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:01-CR-00093(01)RM |
| NICHOLAS A. RUSHLOW, | |
| *Defendant-Appellant.* | Robert L. Miller, Jr., |
| | *Judge.* |

**O R D E R**

Nicholas Rushlow violated the conditions of his supervised release, and the district court imposed a term of 54 months' reimprisonment. Rushlow filed an appeal, but his appointed counsel seeks to withdraw because he cannot find a nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738, 744 (1967). Rushlow has not responded to his attorney's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Rushlow pleaded guilty in 2002 to possessing a gun during a drug trafficking crime, 18 U.S.C. § 924(c), and also while being an unlawful user of drugs, *id.* § 922(g)(3). The district court sentenced him to a total of 97 months' imprisonment to be followed by

concurrent, 3-year terms of supervised release. Rushlow was released from prison in May 2009. In October 2010 his probation officer petitioned to revoke Rushlow's supervised release after he allegedly had tried to gun down an old enemy in Elkhart, Indiana, by shooting through the front door of the man's house. Rushlow had shown up at the residence in the middle of the night, banged on the front door and announced that he was a police officer, and opened fire through the glass door after the man and his wife turned on the house lights and were approaching the front door. At a revocation hearing, Rushlow admitted that he had associated with a known felon, drank alcohol, missed eight months of drug treatment, and failed to notify his probation officer that he was questioned by police. But he denied allegations that he had committed the state crimes of battery, attempted murder, and possession of a firearm. Rushlow also denied violating a court order to pay child support.

The district court concluded that a preponderance of the evidence established that Rushlow had committed each charged violation of his supervised release except for nonpayment of child support. The court imposed a term above the recommended reimprisonment range of 37 to 46 months, which corresponds to a Grade A violation and a criminal history of IV. *See* U.S.S.G. §§ 7B1.1(a)(1), 7B1.4(a)(2). Rushlow had been employed and drug free while on supervised release, the court explained, but the serious nature of his violations necessitated "a significant penalty" near the statutory maximum. *See* 18 U.S.C. § 3583(e)(3).

Counsel first considers whether Rushlow might argue that the evidence presented by the government is too thin to sustain the district court's findings that he violated several conditions of his supervised release. But counsel has not said that Rushlow wants to challenge the revocation itself, so counsel need not have discussed possible challenges to the revocation. *See United State v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel next questions whether Rushlow could challenge the length of the term of reimprisonment but concludes that any argument would be frivolous. We agree. The district court discussed the particularly disturbing circumstances of the attempted murder, the need for the term to reflect the seriousness of the violations, and Rushlow's positive attributes while on supervised release. This explanation demonstrates that the court considered the applicable policy statements and sentencing factors before selecting the term. *See* 18 U.S.C. § 3553(a); U.S.S.G. § 7B1.4(a). Thus, we would not find the term of reimprisonment to be plainly unreasonable. *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008); *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.