NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 23, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1984

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:93-CR-30132-001-WDS |
| TOMMY MITCHELL, *Defendant-Appellant.* | William D. Stiehl, *Judge*. |

**O R D E R**

Tommy Mitchell violated the conditions of his supervised release by distributing methamphetamine. A judge in the Southern District of Illinois revoked his supervision and imposed a term of 51 months' reimprisonment. Mitchell filed this appeal, but his appointed lawyer has concluded that the case is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Mitchell has not responded to his attorney's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Mitchell pleaded guilty in 1994 to conspiring to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), and possessing heroin with the intent to distribute, *id.* § 841(a)(1). He was sentenced in the Southern District of Illinois to 135 months' imprisonment. We affirmed the judgment. *Mitchell v. United States*, 79 F.3d 1150 (7th Cir. 1996). Mitchell was released from

prison in April 2004 and began serving his 8-year term of supervised release. Two years later he was indicted in the Southern District of California on two counts of distributing methamphetamine. 21 U.S.C. § 841(a)(1). Based on those charges, Mitchell's probation officer in Illinois petitioned to revoke his supervised release. Rather than act on that petition, the district court transferred jurisdiction over Mitchell's supervision (and the petition to revoke it) to the Southern District of California. *See* 18 U.S.C. § 3605. Mitchell later pleaded guilty to the drug charges in California, and the district court there sentenced him to a total of 95 months' imprisonment and imposed a new term of 5 years' supervised release. The court never resolved the pending petition to revoke Mitchell's original term of supervised release but instead, after four years, transferred jurisdiction back to the Southern District of Illinois. After that the probation office in Illinois elected to proceed with its petition to revoke Mitchell's supervised release.

At his revocation hearing, Mitchell admitted distributing methamphetamine, and the district court revoked his supervised release. Mitchell's recommended reimprisonment range was 51 to 63 months, which corresponds to a Grade A violation and a criminal history category of VI, U.S.S.G. §§ 7B1.1(a)(1), 7B1.4(a)(2), capped by a 60-month statutory maximum, 18 U.S.C. § 3583(e)(3). Mitchell sought a below-range term because five years already had passed since he committed the new crimes in California, and during that time, Mitchell maintained, he had been committed to the education and training offered by the Bureau of Prisons. He also requested that the term run concurrently with the 95-month sentence for his new convictions. The district court described the serious nature of the drug offenses and imposed a term of 51 months' reimprisonment, to run consecutively to Mitchell's other sentence.

Counsel first questions whether Mitchell might argue that the revocation of supervised release was not warranted. That argument would be frivolous, however, because revocation is permitted if a violation of a condition of supervised release is proven by a preponderance of the evidence, 18 U.S.C. § 3583(e)(3), and Mitchell admitted that he violated a condition by distributing drugs. Moreover, counsel has not said that Mitchell wants to challenge the revocation itself, so counsel need not have discussed possible challenges to the revocation. *See United State v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel also considers challenging the term of reimprisonment but correctly concludes that any argument would be frivolous. The district court considered the recommended reimprisonment range in U.S.S.G. § 7B1.4 and the sentencing factors in 18 U.S.C. § 3553(a) before selecting a term. The court acknowledged that Mitchell may be working to improve himself while incarcerated, *see* 18 U.S.C. § 3553(a)(1), but chose a term within the recommended range to account for the serious nature of the offenses and to protect society from Mitchell's further crimes, *id.* § 3553(a)(2)(A), (C). We would not find the

term of reimprisonment to be plainly unreasonable. *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007); *United States v. Pitre*, 504 F.3d 657, 664 (7th Cir. 2007).

Finally, counsel questions whether Mitchell could argue that he received ineffective assistance of counsel at the revocation hearing. Counsel has not indicated on what ground Mitchell might base that argument, and we take no position on the merit of a potential claim. We agree with counsel, however, that the contention would be best saved for collateral review, where the necessary factual predicate can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.