NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 21, 2016
Decided December 21, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 16-2960

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 00-CR-40101-JPG-2 |
| WILLIAM MOSS, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

William Moss was found guilty by a jury in 2001 of conspiracy to possess with intent to distribute powder and crack cocaine, 21 U.S.C. § 846, 841(a)(1), distribution of both, *id.* § 841(a)(1), and possession of a weapon during a drug trafficking offense, 18 U.S.C. § 924(c). He was sentenced in 2001 to a total of 377 months' imprisonment and 8 years' supervised release. In 2009 the prison sentence was reduced to 272 months after a pair of retroactive amendments to § 2D1.1 of the sentencing guidelines. *See* U.S.S.G. § 1B.10(d) & App. C., amends. 706, 715. A further reduction to 204 months occurred in 2014 after another retroactive amendment. *See id.* at § 1B1.10(d) & Supp. App. C., amend. 782.

Moss was released from prison in 2015 and began serving his term of supervised release. Six months later, the government sought revocation, *see* 18 U.S.C. § 3583(e)(3), on the ground that Moss had violated the conditions of his release by driving above the speed limit, failing to tell his probation officer about the resulting ticket, committing domestic battery, and possessing marijuana. After Moss admitted the drug possession, the district court revoked his supervised released and imposed a term of reimprisonment of 12 months and 1 day to be followed by another 60 months' supervised release.

Moss filed a notice of appeal after the revocation, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the type of potential issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). We invited Moss to comment, but he has not responded. *See* CIR. R. 51(b).

Moss has told counsel that he does not wish to challenge his admissions to the alleged violations of the conditions of release. Thus counsel properly refrains from discussing whether Moss's admissions were knowing and voluntary. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

The attorney does consider whether Moss could argue that it was an abuse of discretion for the district court to revoke his supervised release. But Moss admitted possessing marijuana, a controlled substance, making revocation mandatory. *See* 18 U.S.C. § 3583(d), (g)(1); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Counsel then rightly concludes that Moss could not argue that the district court imposed a plainly unreasonable term of reimprisonment. *See United States v. Kizeart*, 505 F.3d 672, 673 (7th Cir. 2007). Moss admitted possessing marijuana, an offense punishable by a term of imprisonment greater than one year because he had prior convictions under 21 U.S.C. § 841. *See* 21 U.S.C. § 844(a). Moss thus committed a Grade B violation of his supervised release. *See* U.S.S.G. § 7B.1.1(a)(2). The district court correctly established a reimprisonment range of 18 to 24 months based on that violation and the Category V criminal history calculated at Moss's original sentencing. *See id.* at § 7B1.4(a). Twelve months and a day is substantially below this range, so we agree with counsel that it would be frivolous for Moss to argue that the term is plainly unreasonable.

Lastly, counsel considers whether Moss could raise a claim that his lawyer rendered constitutionally ineffective assistance. We note that a defendant facing revocation of supervised release does not have a constitutional right to counsel if he admits violating the conditions of his supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006). Yet we need not resolve whether or not Moss's constitutional right attached. A claim of ineffective assistance generally should be reserved for collateral review, where the defendant may develop a full record, and should not be addressed in a case like this one where counsel on appeal also represented the defendant in the district court. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.