NONPRECEDENTIAL
DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2017
Decided November 1, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1737

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| *v.* | No. 11-CR-40064-JPG-1 |
| BRETT S. TUROK, | J. Phil Gilbert, |
| *Defendant-Appellant.* | *Judge.* |

# ORDER

Brett Turok pleaded guilty in 2012 to conspiracy to manufacture methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), after authorities found him cooking methamphetamine in a cornfield. The district court sentenced him to 121 months' imprisonment followed by 60 months' supervised release. Turok benefitted from two reductions in sentence and was released from prison in November 2016. But less than

four months later the probation officer assigned to monitor him petitioned to revoke Turok's supervision. At a revocation hearing, Turok admitted several violations, including testing positive for illegal drugs, failing to participate in substance-abuse and mental-health treatment, and associating with persons convicted of felonies. The most serious of those violations—possession of a controlled substance—is Grade B. The district judge calculated a policy-statement range of 6 to 12 months, *see* U.S.S.G. ch. 7, pt. B, and imposed a 12-month term of reimprisonment followed by another 60 months' supervised release. Turok filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

A defendant facing revocation of supervised release does not have a constitutional right to counsel, if, like Turok, he concedes the alleged violations without disputing the appropriateness of revocation or asserting substantial and complex grounds in mitigation. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006). And when counsel's service is not constitutionally required, we are not compelled to apply the *Anders* safeguards in ruling on a motion to withdraw. *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Yet we do so as a matter of practice, and thus we invited Turok to comment on counsel's motion. *See* CIR. R. 51(b). He has not responded. Counsel's *Anders* submission explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears sufficient, we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 552–53 (7th Cir. 1996).

Counsel first advises that she combed the record but could not find any support for a claim that the district court committed error in revoking Turok's supervised release. Because Turok admitted possessing illegal drugs, he was subject to mandatory revocation, *see* 18 U.S.C. § 3583(g), after the judge considered the availability of substance-abuse treatment, *see id.* § 3583(d).

In a footnote, counsel points out that one of the conditions of supervision which Turok admittedly violated prohibited him from associating "with any person convicted of a felony." We have criticized that phrasing because it does not require the defendant to know the other person is a felon. *See United States v. Kappes*, 782 F.3d 828, 848–49 (7th Cir. 2015). Counsel concludes that contesting Turok's admission to violating this condition, which is Grade C under U.S.S.G. § 7B1.1(a)(3), would be frivolous because

"Mr. Turok admitted all of the allegations pending against him, including higher Grade B violations which set the guideline range." That is true, but this argument is frivolous because Turok never asserts that he unwittingly associated with felons. More important still, it was unnecessary for counsel to discuss whether Turok could challenge the adequacy or voluntariness of his admission to violating this condition because he told her he does not wish to challenge the revocation itself. *See Wheeler*, 814 F.3d at 857, *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). And the issue will not arise again because the corresponding condition of Turok's new term of supervised release does not prohibit him from associating with felons and does include a scienter requirement to the extent it limits his involvement with persons engaged in criminal activity.

Counsel next evaluates whether Turok could argue that his term of reimprisonment is plainly unreasonable. The term will survive challenge if the district court accurately calculated the policy-statement range, U.S.S.G. ch. 7, pt. B, and considered that range along with the other statutory factors and Turok's arguments in mitigation. *See* 18 U.S.C. §§ 3583(e), 3553(a); *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). In selecting a term of 12 months—the high end of the range—the district judge considered the Chapter 7 policy statements and relevant § 3553(a) factors, including the government's public-safety concerns and defense counsel's emphasis on Turok's need for mental-health and drug treatment. The judge discussed Turok's contention that a shorter term of reimprisonment was appropriate because of his mental-health and addiction issues and because he did not receive all of the drug treatment he should have received while imprisoned for the underlying offense. The judge accommodated these concerns by recommending that the Bureau of Prisons allow Turok to participate in a lengthier drug-treatment program. He also required that at least the first 30 days of his new term of supervised release be served in a residential facility that provides treatment for mental-health issues and substance abuse. Therefore, an argument that the prison term is plainly unreasonable would be frivolous.

Last, counsel considers whether Turok could raise a claim that his lawyer rendered constitutionally ineffective assistance during the revocation proceedings. As we have noted, Turok did not have a constitutional right to counsel at his revocation proceedings. *See Gagnon*, 411 U.S. at 790; *Eskridge*, 445 F.3d at 932. And even if he did, a claim of ineffective assistance generally should be reserved for collateral review, where the defendant may develop a full record, and must be reserved in a case like this where appellate counsel also represented the defendant in the district court. *See Massaro v.*

*United States*, 538 U.S. 500, 504–05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.