**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 30, 2020
Decided May 4, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2337

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 01-cr-10015-001 |
| RUSSELL C. SIEVERT, <br> *Defendant-Appellant*. | Michael M. Mihm, <br> *Judge*. |

**O R D E R**

More than a year after serving a prison term for unlawful possession of a firearm, 18 U.S.C. § 922(g), Russell Sievert tested positive for marijuana and was arrested for violating the conditions of his supervised release. He was released on bond, but a few months later again violated his supervision when he used marijuana on two more occasions and failed to comply with substance-abuse treatment. After Sievert admitted to all of the violations, the district court revoked his supervised release and sentenced him to 18 months in prison without any further supervision. Sievert filed a notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

At the outset we note that Sievert does not have an unqualified constitutional right to counsel when appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973), so the safeguards in *Anders* need not govern our review. Even so, our practice is to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's analysis appears thorough, we limit our review to the subjects he discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Sievert did not respond to counsel's motion. *See* 7TH CIR. R. 51(b).

Counsel first advises that Sievert does not wish to challenge his admissions to the supervision violations, so counsel rightly does not explore potential challenges to the revocation decision. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). In any event, revocation was mandatory because Sievert admitted to possessing marijuana. 18 U.S.C. § 3583(g)(1) (ordering "[m]andatory revocation . . . [i]f the defendant possesses a controlled substance"); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Counsel next considers whether Sievert could argue that his sentence was procedurally unsound, but rightly concludes that doing so would be frivolous. The judge correctly classified Sievert's marijuana possession as a Grade B violation under U.S.S.G. § 7B1.1(a)(2). Because Sievert already had two prior convictions for marijuana (one felony and one misdemeanor), his offense would have been punishable by more than one year and thus the violation could not have been a Grade C violation. U.S.S.G. § 7B1.1(a)(3); *see United States v. Wheeler*, 814 F.3d 856, 858 (7th Cir. 2016). The judge then correctly calculated a policy-statement range of 18 to 24 months. U.S.S.G. § 7B1.4(a). Counsel has identified no other procedural error, and we see none.

Counsel also examines whether Sievert could challenge his sentence as substantively unreasonable but correctly concludes that doing so would be pointless. Sievert's 18-month prison sentence was within the policy-statement range, so we would presume it to be reasonable. *See Jones*, 774 F.3d at 404. And the judge adequately justified his sentencing decision based on the 18 U.S.C. § 3553(a) sentencing factors, emphasizing the nature of the offense ("ongoing cannabis use in spite of expectations to stop using while on probation"); Sievert's history and characteristics (he "interfered with" and sometimes "totally obstructed" the court's enforcement of its orders); and the seriousness of the offense (he disregarded court orders, acted out with verbal aggression, and refused to participate in substance-abuse programs).

For these reasons, we GRANT the motion to withdraw and DISMISS the appeal.