NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2020
Decided May 11, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-3455

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:16-CR-30021-SMY-1 |
| JAMES ANTWON JOHNSON, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

After serving 37 months in prison for possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), James Antwon Johnson began a three-year term of supervised release. Only three months later, he began violating the terms of his supervision: As he later admitted, he possessed a gun and ammunition, endangered a child's welfare, unlawfully possessed marijuana, failed to report to probation, failed to notify probation that he had been questioned by law enforcement, and failed to make monthly payments towards his financial penalty. The government charged him separately under § 922(g)(1) for possessing the gun and ammunition. The district court revoked his supervised release, *see* 18 U.S.C. § 3583(e) and (g), and imposed a 14-month prison term to run consecutive to his anticipated sentence on the new felon-in-possession charge.

Johnson filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

At the outset we note that the Constitution does not provide a right to counsel in a revocation proceeding when, as here, the defendant does not contest the grounds for revocation or assert substantial and complex arguments in mitigation of the sentence. *See Gagnon v. Scarpelli,* 411 U.S. 778, 789–90 (1973); *United States v. Eskridge,* 445 F.3d 930, 932–33 (7th Cir. 2006). The *Anders* safeguards therefore need not govern our review, but it is our practice to apply them nonetheless. *See United States v. Wheeler,* 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might involve, and Johnson has not responded to counsel's motion. *See* CIR. R. 51(b). Because the analysis appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey,* 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by telling us that Johnson does not wish to challenge his admissions to the violations underlying the revocation of his supervised release. For that reason, counsel appropriately refrains from discussing whether Johnson's admissions were knowing and voluntary. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel next questions whether Johnson could challenge the calculation of his imprisonment range but rightly concludes that this challenge would be frivolous. As counsel explains, the district court correctly determined that Johnson's most serious violation (possessing a weapon and ammunition as a felon, an offense punishable under both state and federal law by a prison term exceeding one year) was a Class B violation, *see* U.S.S.G. § 7B1.1, and that the applicable policy-statement range for the violation—based on the Category III criminal history at the time of Johnson's original sentencing—was 8 to 14 months' imprisonment. *See* U.S.S.G. § 7B1.4(a). The court's order that Johnson serve this prison term consecutive to his anticipated sentence on his new charge is also consistent with the relevant policy statement. *See* U.S.S.G. § 7B1.3(f).

Counsel also considers but rightly rejects a challenge to the reasonableness of the 14-month prison term. As required by 18 U.S.C. § 3583, the district court took into account the relevant sentencing factors in § 3553(a), including the nature and circumstances of the violations (noting that Johnson had returned to dangerous behavior "right out of the gate" after his release from prison), Johnson's background and personal characteristics (discussing his history of domestic abuse and other violent acts), and the need to deter Johnson from future criminal acts and protect the public

(explaining that imprisonment at the low end of the guidelines would be insufficient to achieve those goals). It then permissibly selected a sentence within the policy-statement range. Under these circumstances, we would not find the new prison term to be plainly unreasonable. *See United States v. Jones*, 774 F.3d 399, 404–05 (7th Cir. 2014).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.