NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2020
Decided June 30, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 20-1008

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 06-CR-40057-JPG-7 |
| | |
| KEVIN PULLEY, | J. Phil Gilbert, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

After serving 80 months in prison for conspiring to manufacture and distribute methamphetamine, *see* 21 U.S.C. §§ 841(a), 846, Kevin Pulley began a five-year term of supervised release. Four years in, Pulley's probation officer petitioned to revoke his supervised release for, among other violations, using methamphetamine and marijuana, failing to notify his probation officer that police had questioned him, and failing to submit timely monthly reports. The district court delayed Pulley's revocation hearing so he could complete a residential drug-treatment program. But after Pulley completed the program, his probation officer amended the petition to add additional allegations of methamphetamine use, to which Pulley later admitted. The district court revoked Pulley's supervised release, *see* 18 U.S.C. § 3583(e),(g), and sentenced him to 24 more months in prison to be followed by 36 months of supervised release. Pulley filed a

notice of appeal, but his appointed counsel asserts the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Pulley did not respond to counsel's motion. *See* CIR. R. 51(b).

At the outset we note that a defendant facing revocation of his supervised release has no constitutional right to counsel if he concedes the alleged violations without asserting a substantial argument against revocation or one that would be difficult to develop without counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–90 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Nevertheless, our practice has been to apply the *Anders* safeguards. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses issues that an appeal of this kind might involve. Because counsel's analysis appears thorough, we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first discusses whether Pulley could challenge the revocation of his supervised release, but this discussion was unnecessary. Because Pulley—as counsel tells us—wants to challenge only his sentence and not the grounds for revocation, counsel need not have discussed any potential challenge to the revocation, including whether his admissions to the violations were knowing and voluntary. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel next considers whether Pulley could identify procedural errors in the revocation proceedings, but correctly concludes that any procedural challenge would be frivolous. The district court complied with Federal Rule of Criminal Procedure 32.1 by ensuring that Pulley received written notice and evidence of his alleged violations, that he was represented by counsel, and that he was given an opportunity to make a statement and present mitigating evidence. *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Counsel then addresses whether Pulley could make any nonfrivolous challenge to his sentence and rightly concludes that he could not. The court acknowledged Pulley's arguments in mitigation, specifically that he had been employed since his release from prison and that his relapse had been prompted by the stress of financially supporting and caring for his mentally-ill wife. The court properly calculated a guidelines range of 8 to 14 months' imprisonment based on Pulley's Class B violation and criminal history category of III. Pulley also could not challenge the substantive reasonableness of his sentence because the court adequately considered the sentencing factors set forth in 18 U.S.C. § 3553(a). The court justified an above-guideline sentence of

24 months as necessary to protect the public and promote respect for the law, *see* 18 U.S.C. § 3553(a)(2)(a), given Pulley's continued use of methamphetamine even after completing a drug treatment program—for which the court had agreed to delay his revocation hearing.

Finally, as counsel rightly points out, any claim of ineffective assistance of counsel would best be raised on collateral review, where a record could be made to support it. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see United States v. Stokes*, 726 F.3d 880, 897–98 (7th Cir. 2013).

For these reasons, we GRANT the motion to withdraw and DISMISS the appeal.