**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022
Decided February 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 21-1377

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05-30050-001 |
| SHAWN W. BLAND, *Defendant-Appellant.* | Sue E. Myerscough, *Judge.* |

**O R D E R**

Shawn Bland admitted to violating conditions of his supervised release following a prison term for armed bank robbery. The district court revoked Bland's supervision and sentenced him to 24 months in prison. Bland appeals, but his counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Bland does not have an unqualified right to counsel in appealing revocation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Nevertheless, we apply the *Anders* safeguards to ensure that all potential issues receive consideration. *See United States v. Brown*, 823 F.3d 392, 394

(7th Cir. 2016). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because his analysis appears thorough, and Bland has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Bland was convicted in 2005 of armed bank robbery, *see* 18 U.S.C. § 2113(a), (d), and carrying and using a weapon during a crime of violence. *See id.* § 924(c)(1). The district judge sentenced him to 63 months' imprisonment on the first count and 84 months on the second, to run consecutively, and 5 years of supervised release on each, to run concurrently. After serving more than a decade in prison, Bland was released on supervision, but his release was twice revoked for violations. In 2020, the judge granted Bland's motion for compassionate release, placing him on a third and final term of supervised release, this time for a total of 48 months. Soon after his release, though, in December 2020, the U.S. Probation Office filed a petition to revoke Bland's supervision. It alleged that he violated three sets of conditions: He committed domestic battery, broke conditions of his home confinement (including unauthorized departures from his home), and used marijuana.

Before the revocation and sentencing hearing, the parties agreed on the possible prison terms: The applicable statutory maximums were 3 years in prison for Count 1 (armed bank robbery) and 5 years for Count 2 (using a weapon during a crime of violence). *See id.* § 3583(e)(3). The applicable guidelines ranges were 18 to 24 months for Count 1 and 30 to 37 months for Count 2. *See* U.S.S.G. § 7B1.4(a).

The judge revoked Bland's release and sentenced him. At the hearing, Bland admitted to two violations—unauthorized departure from his home and marijuana use. The judge found that Bland violated those conditions and a third (domestic battery). She then revoked Bland's supervised release and sentenced him to concurrent terms of 24 months' imprisonment on each of his two counts, a term that did not exceed the guidelines range and was below the statutory maximum for each count. The judge stated her rationale for the sentence: Bland had an "extensive record of non-compliance on supervised release" (including the revocation of two previous supervision terms for drug use, resisting arrest, and fleeing the police), as well as a lengthy criminal history (including armed bank robbery, domestic battery, and multiple weapon offenses). The judge concluded that, in order to protect the public and comply with the sentencing objectives set forth in 18 U.S.C. § 3553(a)(2)(B)–(D), a concurrent sentence of 24 months in prison for each count was justified.

Counsel first considers whether Bland could mount a reasonable argument that the evidence was not sufficient to support the revocation of release. Counsel does not expressly tell us if he discussed with Bland whether Bland wishes to raise such a challenge. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). Nonetheless, as counsel rightly concludes, the challenge would be pointless because in revoking release, the judge did not arguably abuse her discretion. *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). Bland admitted to violating the home confinement rules and using marijuana (while understanding that it was a controlled substance); therefore, he could not reasonably argue on appeal that he complied with his conditions of supervision. And the judge correctly ruled that Bland's possession of a controlled substance made revocation mandatory under 18 U.S.C. § 3583(g)(1). *Jones*, 774 F.3d at 403; *see* U.S.S.G. § 7B1.3. It is true that that Bland was not later convicted in state court of an offense related to domestic battery. But a state-court conviction for misconduct is not required for a federal judge to find that the misconduct violated a condition of release, *see* U.S.S.G. § 7B1.1 cmt. n.1, and regardless, Bland admitted to the other violations.

Counsel next considers whether Bland could plausibly challenge the revocation on the ground that the conditions of supervised release that he violated were unconstitutionally vague. But Bland admitted knowing that his release conditions prohibited him from using marijuana and hitting his wife. He therefore cannot reasonably argue that these conditions of release were impermissibly vague. *See United States v. Armour*, 804 F.3d 859, 868 (7th Cir. 2015).

Finally, we agree with counsel that a challenge to the procedural or substantive reasonableness of Bland's sentence would be frivolous. We would ask whether the judge correctly arrived at the guidelines range and whether the sentence is "plainly unreasonable." *Jones*, 774 F.3d at 403 (citation omitted). A within-guidelines sentence is presumed reasonable on appeal. *See United States v. Jarigese*, 999 F.3d 464, 471 (7th Cir. 2021). By stipulating to the calculation of the guidelines range, Bland waived any procedural challenge to that computation. And nothing in the record would disturb the reasonableness of the judge's explanation that Bland's history (armed robbery and past domestic violence; two previous revocations including drug use; and his current drug use and domestic battery) justified the within-guidelines, 24-month prison term.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.