NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022
Decided May 17, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-3243

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-cr-40061 |
| JOSHUA R. LOUCK, *Defendant-Appellant*. | James E. Shadid, *Judge*. |

**O R D E R**

Joshua Louck pleaded guilty to possessing a firearm as a felon, 18 U.S.C. §§ 922(g); 924(a)(2), and was sentenced to sixty-six months in prison and three years of supervised release. The following year, he sought and received compassionate release based on his liver failure. But ten months later he violated the conditions of his supervised release. Louck admitted committing four violations: he used and possessed methamphetamine; and he failed to submit to drug testing, attend a mental health evaluation, and comply with location monitoring. Based on his admissions, the district court revoked his supervised release and sentenced him to two years' reimprisonment

with no further supervision. Louck filed a notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Louck does not have an unqualified constitutional right to counsel in revocation proceedings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Still, we apply the *Anders* safeguards to ensure that all potential issues receive consideration. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's brief adequately addresses the potential issues that an appeal of this kind might involve, and Louck did not respond to counsel's motion, *see* CIR. R. 51(b), we limit our review to the issues counsel raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel reports that "it is unclear whether Louck wishes to concede that the revocation was appropriate" but does not tell us, as he should, if he told Louck about the risks and benefits of challenging the admissions. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). Nevertheless, the omission is harmless. Louck did not seek to withdraw his admissions in the district court, so we would review the court's proceedings for plain error. *United States v. Nelson*, 931 F.3d 588, 590–91 (7th Cir. 2019). And Louck could not argue that the district court erred, let alone plainly so. At the revocation hearing, Louck confirmed that he understood the charges and the possible penalty, that he was waiving his right to contest the allegations, that he was admitting the violations of his own free will, and that he had conferred with his counsel and was satisfied with his representation. *See id*. at 592. He also received adequate notice of the allegations against him, appeared at the hearing, and had the opportunity to make a statement and present arguments in mitigation. *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Counsel next considers whether Louck could challenge his two-year term of imprisonment and rightly rejects any argument. The district court correctly determined that the applicable policy-statement range was 18 to 24 months based on Louck's Grade B violation and original criminal history category of V. *See* U.S.S.G. §§ 7B1.1(a)(2); 7B1.4(a). Likewise, nothing in the record would lead us to conclude that the term was "plainly unreasonable." *Jones*, 774 F.3d at 403. The court adequately assessed the 18 U.S.C. § 3553(a) factors, emphasizing a need to protect the public (based on Louck's renewed drug use, mental health concerns, and gun possession in the underlying offense) and promote a respect for the law (given that Louck had served only one-third of his sentence). *See id.* § 3583(e). And the court expressly considered Louck's mitigating arguments involving his health.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.