NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2022
Decided October 27, 2022

***Before***

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-3327

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Western Division. |
| *v.* | |
| | No. 3:12-CR-50052(1) |
| MICHAEL O. FRYER, JR., | |
| *Defendant-Appellant.* | Philip G. Reinhard, |
| | *Judge.* |

**O R D E R**

Michael Fryer pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), (d), and was sentenced to 78 months in prison and five years of supervised release. Within three months of leaving prison, Fryer began violating the conditions of his supervised release. He failed to submit a urine sample, participate in substance abuse counseling, and timely report to his probation officer. The district judge admonished Fryer for these violations but did not revoke supervised release. Fryer then committed five burglaries,

one of which resulted in a state-court conviction and prison sentence. The government moved for revocation of Fryer's federal supervised release for violating the condition that he not commit another state or federal crime. After Fryer admitted to all five burglaries, the district judge revoked his supervised release and sentenced him to 30 months' reimprisonment and 24 months of additional supervised release. Fryer filed a notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Fryer does not have an unqualified constitutional right to counsel in revocation proceedings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Still, we apply the *Anders* safeguards to ensure that all potential issues receive consideration. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's brief adequately addresses the potential issues that an appeal of this kind might involve, and Fryer did not respond to counsel's motion, *see* CIR. R. 51(b), we limit our review to the issues counsel raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first reports that Fryer has not said that he wants to challenge the revocation or the underlying admissions. But counsel does not tell us—as we require when counsel forgoes discussion of this issue—whether after consulting with his client that his client confirmed he did not wish to challenge the revocation. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). This is an important part of the *Anders* process, and any time counsel omits discussion of a guilty plea or uncontested revocation, we expect counsel to expressly tell us (1) the nature of the consultation with his client and (2) his client's informed decision. *Konczak*, 683 F.3d at 349; *Wheaton*, 610 F.3d at 390.

In any event, raising such a challenge on appeal would be frivolous. We would review for plain error because Fryer did not seek to withdraw his admissions in the district court. *United States v. Nelson*, 931 F.3d 588, 590–92 (7th Cir. 2019). As the transcript of the revocation hearing shows, Fryer understood the alleged violations and possible penalties and was satisfied with his legal representation before he voluntarily waived his right to contest the allegations and freely admitted that his conduct violated the conditions of his release. *See* FED. R. CRIM. P. 32.1(b)(2); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Counsel next considers whether Fryer could challenge his new terms of imprisonment and supervised release, and rightly rejects any argument as frivolous. First, he spots no procedural issues in the application of the policy statements in

Chapter Seven of the Sentencing Guidelines. Burglary in Illinois is punishable by a term of imprisonment greater than one year, *see* 720 ILCS 5/19-1(a); 730 ILCS 5/5-4.5-35, and thus, under the guidelines, it is a Grade B violation of Fryer's supervised release, *see* U.S.S.G. § 7B1.1(a)(2). The district judge noted that the recommended guidelines range of reimprisonment—based on Fryer's Grade B violations and criminal history category of III at the time he was originally sentenced—was 8 to 14 months. *See id.* § 7B1.4(a). And both the 30-month prison sentence and 24-month supervised-release term, though well above the recommended range, are below the statutory maximums. The maximum prison sentence upon revocation was three years. *See* 18 U.S.C. §§ 3583(e)(3), 2113(d), 3559(a)(2). Additional supervised release was limited to 60 months minus the 30-month term of reimprisonment; here, the 24-month supervised release is less than that 30-month difference. *See* 18 U.S.C. § 3583(b)(1), (h).

We also agree with counsel that nothing in the record could show that either the above-guidelines reimprisonment term or new supervised-release term is "plainly unreasonable." *See United States v. Dawson*, 980 F.3d 1156, 1165–66 (7th Cir. 2020). The district judge, considering factors under 18 U.S.C. § 3553(a), explained that after he gave Fryer "the opportunity" to remain on supervised release despite an initial spate of violations, Fryer committed "a list of felonies." The judge considered Fryer's mitigating arguments, including the financial, marital, and social challenges he faced. But the judge decided that 30 months' reimprisonment was appropriate to "deter [Fryer] and protect the public." The judge also explained that Fryer could more effectively face his life challenges with the "encouragement" and "help" of probation officers during a new term of supervised release. It would be frivolous to argue that these were unreasonable conclusions.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.